10-5117-ag
Liu v. Holder

BIA
Balasquide, IJ
A099 936 294

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
                *Circuit Judges.*
_____

BI CHUN LIU,
        *Petitioner,*

        v.                                    10-5117-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*
_____

FOR PETITIONER:      Adedayo O. Idowu, New York, New
                     York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; David V. Bernal, Assistant

1

**Director; Tiffany L. Walters, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Bi Chun Liu, a native and citizen of China, seeks review of a November 19, 2010 order of the BIA affirming the November 24, 2008 decision of Immigration Judge ("IJ") Javier Balasquide denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Chun Liu,* No. A099 936 294 (B.I.A. Nov. 19, 2010), *aff'g* No. A099 936 294 (Immig. Ct. N.Y. City Nov. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to consider Liu's challenge to the pretermission of his asylum application because he essentially disputes the correctness of the IJ's factual findings concerning his date of entry. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir. 2006); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006). Accordingly, we dismiss the petition for review as to asylum and address only Liu's challenges to the denial of withholding of removal and CAT relief.

For applications such as Liu's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports the agency's adverse credibility determination.

3

The IJ reasonably found implausible Liu's testimony that he arrived in the United States in October 2006, given his other testimony that he contacted a coworker about possibly leaving China approximately six months after May 2006 and then took three additional months to save for a smuggling fee before leaving. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the IJ expressly requested an explanation of Liu's timeline of events and Liu did not explain to the IJ that he concurrently saved for a fee, Liu's current assertion that he did so does not compel a contrary conclusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony.") (internal citation omitted).

Additionally, the IJ reasonably noted that Liu's testimony lacked detail because, when asked, he was unable to estimate the number of officers who came to arrest him,

4

how many vehicles they brought, or how long he was beaten. Liu's explanation, that he was under extreme fear, does not compel a contrary conclusion. *See Majidi*, 430 F.3d at 80.

Moreover, the agency reasonably found that Liu's testimony that his wife suffered a forcible abortion was undermined by the medical evidence he submitted, which indicated that she requested an abortion. Liu's explanation that the Chinese authorities forced his wife to state that she had requested the abortion does not compel the contrary conclusion, *see id.*, particularly in light of the agency's observation that the State Department has concluded that China does not issue abortion certificates or other documentation of forced abortions, *see Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007).

Additionally, the agency reasonably found that Liu's statement before the asylum officer that he ran out of the family planning center when he was released was inconsistent with his later testimony that he did not.[1]  *See Xiu Xia Lin*

---

[1]  While Liu argues that the IJ erred in relying on the asylum officer's notes, because he failed to raise this challenge

*v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible") (emphasis in original).

Because the REAL ID Act permits the agency to base a credibility finding on implausibilities and inconsistencies such as these, Liu's argument that the record compels reversal is unavailing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Liu's claims all were based on the same factual predicate, the agency's adverse credibility determination is dispositive of both withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion

before the BIA we decline to consider Liu's argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122, 124 (2d Cir. 2007).

for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk